**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| METZ, *et al.*, | ) | CASE NO:     5:05-cv-1510 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| vs. | ) | |
| | ) | MAGISTRATE JUDGE |
| UNIZAN BANK, *et al.,* | ) | NANCY A. VECCHIARELLI |
| | ) | |
| Defendants. | ) | **ORDER** |
| | ) | |

### I.  Background

On March 24, 2006, the four remaining Defendants in this case, Unizan Bank, N.A., Wachovia Bank, N.A., Sun Trust Bank, and Fifth Third Bank, N.A. (collectively, the "Depository Banks") filed motions to dismiss the remaining claims in Plaintiffs' Second Amended Class Action Complaint.  (Doc. Nos. 381, 383, 384.)   After Plaintiffs filed a brief in opposition (Doc. No. 387) and the Depository Banks filed a joint reply (Doc. No. 395), the Depository Banks filed a document captioned "Joint Notice of Supplemental Authority in Support of Depository Banks' Motions to Dismiss Plaintiffs' Second Amended Class Action Complaint" ("Joint Notice of Supplemental Authority") (Doc. No. 397).

In their initial briefs, the Depository Banks argued, *inter alia*, that Plaintiffs' claims are barred by the statute of limitation for common-law fraud set forth in Ohio Revised Code § 2305.09.  (Doc. Nos. 381, 383, 384.)   In their Joint Notice of Supplemental Authority, the Depository Banks assert that Ohio Rev. Code § 1707.43(B), the statute of limitations for Ohio securities fraud claims, is the applicable statue of limitations and that Plaintiffs' claims are time-

barred under its provisions.  In response, Plaintiffs filed a brief captioned "Brief in Opposition to the Defendants' Joint Notice of Supplemental Authority" ("Plaintiffs' Brief") in which they characterize the actions on which their claims are based as the taking of property under false pretenses or theft by trickery, rather than securities fraud.  (Doc. No. 398.)  Plaintiffs' Brief includes a passage from the deposition transcript of Unizan's former general counsel, Janine Marks.  The deposition was taken in a related case filed in Summit County Court of Common Pleas, *Posen, et al. v. N.E. International Security, et al.*, Case No. 2000-06-2623.  Plaintiffs, thereafter, separately filed the entire deposition transcript.  (Doc. No. 400.)

The Depository Banks have moved to strike both Plaintiffs' Brief (Doc. No. 398) and the deposition transcript (Doc. No. 400) on the ground that they present matters outside the pleadings and, therefore, constitute an impermissible response to a Fed. R. Civ. P. 12(b)(6) motion to dismiss.  For the reasons discussed below, Defendants' motion to strike (Doc. No. 402) is **GRANTED in part and DENIED in part**.

## II.  Standard Under Fed. R. Civ. P. 12(b)(6)

As a general rule, when considering a 12(b)(6) motion to dismiss, matters outside the pleadings may not be considered by the court.  *Sims v. Mercy Hospital of Monroe*, 451 F.2d 171, 173 (6th Cir. 1971).  If matters outside the pleading are considered, the motion must be converted to a motion for summary judgment under Fed. Rule Civ. P. 56.  *Carter v. Stanton*, 405 U.S. 669, 671 (1972).  Once the motion is converted, all parties must be given a "reasonable opportunity to present all material made pertinent to such a motion by Rule 56."  Fed. R. Civ. P. 12(b).

Despite the general rule, a court may consider a document outside the pleadings if the pleadings refer to it.  *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated*

*on other grounds*, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).  "Courts may also consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies."  *Id.* (internal citations omitted).

### III.  12(b)(6) Standard Applied to Plaintiffs' Brief and the Deposition of Janine Marks

In response to the Depository Banks' argument that Ohio Rev. Code § 1707.43(B) provides the applicable statute of limitations, Plaintiffs argue that their claims for fraud and conspiracy to commit fraud (asserted against the Depository Banks individually in Counts Two, Three, Four and Five) and their claim for aiding and abetting Carpenter's tortious conduct (asserted against all the Depository Banks in Count Eleven) are not subject to § 1707.43(B), the Ohio statute governing security fraud cases, because their claims are more aptly characterized as theft and common law fraud.  As Plaintiffs' claims against the Depository Banks are related to the conduct of Carpenter and others who are defendants in the related *Posen* case, Plaintiffs refer to documents and proceedings in the *Posen* case to support their argument.  Specifically, Plaintiffs refer to an "unsuccessful" motion for summary judgment filed by the *Posen* defendants, quote part of the *Posen* complaint, and quote approximately ten pages of the deposition transcript of Janine Marks.

While Plaintiffs' Second Amended Class Action Complaint contains a general reference to the *Posen* case as a matter of background (Doc. No. 334 at 19), it does not refer to any particular pleading or document in the case.  Thus, the documents referenced and quoted in its brief are matters outside the pleadings.  Plaintiffs make no tenable argument in support of their inclusion of matters outside the pleadings in their Brief.  To the extent that the issue is addressed at all, Plaintiffs state, in a footnote, and without legal citation, that the Court can "look to

pleadings filed in other cases."  (Doc. No. 398 at 1 n.1.)  While this statement is accurate, it is an incomplete statement of the law.

As discussed above, courts may consider documents from other cases if they are referenced or incorporated in the pleadings.  Courts may also consider such documents to the extent they are public records and are appropriate for the taking of judicial notice.  *Passa v. City of Columbus*, 123 Fed. Appx. 694, 697 (6th Cir. 295).  Judicially noticed facts are only those facts that are either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Federal Rule of Evidence 201(b); *see also Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite.").  On this basis, the Sixth Circuit and other circuits have held that a court may consider a document from another case only for the fact of the document's existence, not for the truth of the matter asserted therein.  *Passa*, 123 Fed. Appx. at 697; *Lum v. Bank of America*, 361 F.3d 217, 222 (3rd Cir. 2004) (holding that the district court improperly took judicial notice of deposition testimony from a prior proceeding); *GE Capital Corp v. Lease Resolution Corp.*, 128 F.3d 1074, 1082 (7th Cir. 1992) (citing 2nd and 11th Circuit cases in accord).

In each instance where Plaintiffs refer to or quote a *Posen* document – the summary judgment motion, the complaint, and the Marks deposition– they do so for the purpose of establishing the truth of the matters asserted in the documents, not for the purpose of establishing the fact of the documents' existence.  Therefore, the documents are not matters appropriate for judicial notice and the Court will not consider them.

-4-

First, Plaintiffs' refer to the "unsuccessful" motion for summary judgment in which the *Posen* defendants, like the Depository Banks, argued that the claims were governed by the securities fraud statute of limitations in § 1707.43(B).  Plaintiffs refer to the motion to support their conclusion that the motion was unsuccessful "because their case was not solely a case involving 'securities' fraud, but a case involving common law fraud and outright theft."  (Doc. No. 398 at 1.)  The purpose of the reference is to persuade the Court that because the argument was not successful in the *Posen* case, § 1707.43(B) does not apply in the instant case.  The necessary inference would be that the *Posen* defendants' argument as to the statute of limitations was meritless.

Plaintiffs next quote a paragraph in the *Posen* complaint that alleges the *Posen* defendants "combined . . . to fraudulently conceal and transfer assets."  (*Id*. at 2.)  Plaintiffs use this reference as support for their argument that "Plaintiffs' Second Amended Class Action Complaint does not allege wrongdoing on the part of the banks associated with sale of unregistered securities, but wrongdoing arising from the misappropriation of Plaintiffs' funds as a result of theft by trickery."  (*Id*.)  The purpose of the reference is to persuade the Court that this lawsuit is essentially about common law fraud, rather than securities fraud.  Of course, the necessary inference here would be that the allegation in the *Posen* complaint is true.

In both instances above, Plaintiffs attempt to use the documents to persuade the Court to draw conclusions of fact based on their contents.  Plaintiffs attempt to use the Marks deposition in the same impermissible manner.  They would have the Court accept the testimony therein as true and rely on that testimony to reach the conclusion that the instant case is about common-law fraud and not securities fraud.  (*See* Doc. No. 398 at 3-14.)

-5-

As the referenced documents are matters outside the pleadings, and matters to which the public records and judicial notice exceptions do not apply, the Court will not consider them. Accordingly, to the extent the Depository Banks move to strike the separately filed Marks deposition (Doc. No. 400), the motion is **GRANTED**.  The motion to strike is also **GRANTED** as to Plaintiffs' Brief (Doc. No. 398), but only as to the portions, including factual arguments, that refer to or quote (1) the Marks deposition transcript; (2) the *Posen* summary judgment motion; and (3) the *Posen* complaint.

The Court will not strike Plaintiffs' Brief in its entirety.  After striking the inappropriate matters from the Brief, what remains is Plaintiffs' legal argument against the application of § 1707.43(B) and a reference to the Second Amended Complaint filed in this case.  The Court will consider this portion of the Brief when reviewing the Depository Banks' motions to dismiss. Accordingly, to the extent the Depository Banks request the Court to strike the entire Brief, the motion to strike is **DENIED**.

### IV.  Conclusion

For the foregoing reasons, the Depository Banks' motion to strike (Doc. No. 402) is **GRANTED in part and DENIED in part**.

**IT IS SO ORDERED**.

*/s/ Nancy A. Vecchiarelli*
United States Magistrate Judge

Date: October 31, 2007

-6-