IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROL METZ, et al., | ) | CASE NO:   05:05-cv-1510 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | NANCY A. VECCHIARELLI |
| UNIZAN BANK, et al., | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

This case has been referred to the undersigned Magistrate Judge for general pretrial supervision.  Currently pending before the Court is Plaintiffs' motion to disqualify Daniel G. Morris ("Morris"), counsel for the Interveners, Richard and Jo Ann Floyd ("the Floyds").  (Doc. No. 531.)

Between December 30, 2007 and January 16, 2008, Morris filed 104 motions to intervene in this putative class action.  (Doc. Nos. 414-52, 454-80, 482-506, 508-15, 517-21.)  Plaintiffs filed a brief in opposition as well as a motion to disqualify Morris as counsel for the Interveners.  (Doc. No. 531, "Plaintiffs' Combined Brief in Opposition to the 104 Motions to Intervene Filed by Dan Morris and Motion to Disqualify Dan Morris.")  On March 25, 2008, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the motions to intervene be denied.  (Doc. No. 546.)  On April 11, 2008, Judge Nugent adopted the R&R in its entirety and denied the motions.  (Doc. No. 553.)

The Floyds filed a response to Plaintiffs' motion to disqualify on March 10, 2007 (Doc. No. 543), and a motion for leave to file a supplemental brief in opposition *instanter* on March

24, 2007 (Doc. No. 545). Plaintiffs filed a reply on March 27, 2008. (Doc. No. 548.) For the following reasons, Plaintiffs' motion to disqualify (Doc. No. 531) is DENIED.

In light of the fact that Plaintiffs' motion to disqualify was filed in response to the 104 motions to intervene, which have since been denied, Plaintiffs' motion to disqualify is, to a great extent, moot. Plaintiffs seek to disqualify Morris based primarily on Morris's alleged actions with regard to his representation of the 104 proposed interveners. Although Plaintiffs refer and object to Morris's conduct with regard to a brief he filed on behalf of the Floyds, the majority of their complaints about Morris's alleged conduct deal with his representation of the 104 proposed interveners. As the Court has denied the motions to intervene, the motion to disqualify appears to be moot. However, to the extent the motion is not moot, the motion is nonetheless denied for the following additional reasons.

First, Plaintiffs fail to state the relevant standard to be applied to a motion to disqualify counsel in a civil case. Plaintiffs' citation to a criminal case and their quotation of the Sixth Circuit's standard for reviewing a district court's decision regarding disqualification of counsel in a criminal case is inapposite. Although in their reply brief, Plaintiffs cite Ohio disciplinary rules that Morris has allegedly violated, they fail to provide any law or analysis as to the appropriate remedy for a violation of a disciplinary rule. Second, Plaintiffs' motion also raises evidentiary issues. Simply attaching letters to a brief without also attaching an affidavit is inappropriate. Finally, to the extent Plaintiffs raise the issue of what attorney will represent the class in the event a class action is permitted, the issue is premature.

If Plaintiffs' counsel truly seeks to disqualify Morris from representing the Floyds, counsel must re-brief the motion in greater detail with regard to both legal and factual analysis.

For the foregoing reasons, Plaintiffs' motion to disqualify (Doc. No. 531) is **DENIED without prejudice to refile**.

/s/ Nancy A. Vecchiarelli
United States Magistrate Judge

Date: April 18, 2008