UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAROL METZ, *et al.*, | ) | CASE NO. 5:05 CV 1510 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | <u>ORDER ADOPTING</u> |
| | ) | <u>REPORT AND RECOMMENDATION</u> |
| UNIZAN BANK, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli. Timely objections to the Magistrate's Report and Recommendation were filed by Unizan Bank (ECF # 536) and by the Plaintiffs (ECF # 540). Defendants Wachovia Bank, N.A., SunTrust Bank, Fifth Third Bank, and Unizan Bank filed Responses to the Plaintiffs' objections, and the Plaintiffs filed a response to Unizan Bank's objections. (ECF # 541, 549, 550). Plaintiffs then obtained leave to file a surreply. (ECF #551). The Court has fully reviewed the Report and Recommendation, the objections and responses filed by the parties, and all of the applicable law. The Court finds certain of the objections raised by the Defendants to have merit, and will, therefore, independently address the statute of limitations issue. The Magistrate's Report and Recommendation fully and correctly addresses

all of the other arguments raised by the parties, and properly and justly analyzes the applicable law.[1] This Court, therefore, adopts the Magistrate's Report with the following modification.

I. Statute of Limitations

The Court agrees with Defendant Unizan Bank's position, that the statute of limitations contained in O.R.C. §1707.43(B) applies to the common law fraud and aiding and abetting claims set forth in the Amended Complaint. Ohio Revised Code §1.51 states that, except in certain circumstances not applicable here, where a general provision conflicts with a special or local provision, the special or local provision prevails as an exception to the general provision. Therefore, although there are general statutes of limitation for claims of fraud, O.R.C. §1707.43(B) has created a specific statute of limitation to be applied when the claims arise out of a sale or contract for sale made in violation of the Ohio securities laws.

Although the Plaintiffs' briefs and the Magistrate's Report and Recommendation have some support under Ohio law, and do make a reasonable argument as to why the fraud claims should not be considered as "arising from the sale or contract for sale" of securities, Unizan Bank's position ultimately finds more support under the Ohio case law. The facts underlying the fraud claims are inextricably intertwined with allegations that the Defendants conspired with Mr.

---

[1] Unizan Bank has submitted an objection to the dismissal standard articulated by the Magistrate in her Report and Recommendation, arguing that it has been superceded by a tightened pleading standard as set forth in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). While it is true that the specific language cited from *Conley v. Gibson*, 355 U.S. 41 (1957), has been disavowed by the Supreme Court, and is not to be applied literally, the overall standard articulated in the Report and Recommendation, and the Magistrate's application of law to the facts of this case are sound and easily comply with the clarified standard set forth in *Twombly*.

Carpenter to engage in securities fraud. There are several places in the Amended Complaint where such allegations can be found. (Am. Comp. ¶¶ 1, 130, 132, 136).

The fact that the Amended Complaint does not specifically state a claim for securities violations is not dispositive. As the Report and Recommendation correctly states, "[t]he Supreme Court of Ohio directs that when courts are faced with determining the statute of limitations that governs a claim, they 'must look to the actual nature or subject matter of the case, rather than to the form in which the action is pleaded.'" (R&R at 4, citing *Lawyer's Coop. Pub. Co. v. Muething*, 603 N.E.2d 969, 973 (Ohio 1992). In this case, there are allegations of security fraud even though no actual claims under the state or federal securities laws have been made.

Further, even if no actual sale of securities occurred, the Plaintiffs had attempted to buy securities and it was only by operation of the alleged fraud that an actual sale was prevented. Under the plain language of the statute, an actual sale is not necessary to trigger the statute of limitations in O.R.C. § 1707.43(B). Whether or not an actual security was purchased, there can be no doubt that the allegations in the Amended Complaint establish that the Plaintiffs contracted for the sale of securities. They were presented with an offer for sale, they performed their end of the contract by providing money for the purchase, and they believed that they were receiving valid securities in exchange. Therefore, the fraud, as alleged in the Amended Complaint, is at the very least predicated on this contract for the sale of a security. Although there may be one or two cases which have distinguished similar fact patterns, Ohio law weighs heavily toward a finding that common law claims which are predicated on or inextricably interwoven with the sale of securities or the contracts related to securities sales are governed by

the statute of limitations in O.R.C. §1707.43(B). *See, e.g., Helman v. EPL Prolong, Inc*., 139 Ohio App.3d 231, 243-44 (Columbiana Cty. 2000); *Ware v. Kowars*, 2001 Ohio App. LEXIS 199, *11-14 (Franklin Cty. Jan. 25, 2001); *Lynch v. Dean Witter Reynolds, Inc.,* 134 Ohio App. 3d 668, 671-672 (Mongomery Cty. 1999); *Kondrat v. Morris*, 118 Ohio App.3d 198, 205 (Cuyahoga Cty.1997); *Hater v. Gradison Div. Of McDonald and Co. Securities*, 101 Ohio App. 3d 99, 113 (Hamilton Cty. 1995); *see also Wuliger v. Anstaett*, 363 F.Supp. 2d 917, 934 (N.D. Ohio 2005). The Court, therefore, finds that the statute of limitations set forth in O.R.C. § 1707.43(B) applies to the fraud claims in this action. That said, the absolute five year period of limitations contained in that statute, (which, if applied, would bar the Plaintiffs' claims against Unizan Bank), is not enforceable.

It is evident on the face of the statute, that the Ohio legislature intended to create a five year absolute cut-off for actions based on the sale or contract for sale of securities. The statute of repose includes a two year limitation, which by its express terms begins to run only after the complainant is aware or should have been aware of the illegal activity at issue. This renders equitable tolling unnecessary. The statute then adds a five year limitations period which is not limited by the discovery of the injury.

The Ohio Supreme Court, however, has banned the enforcement of some statutes which create such an absolute cut-off, holding that they violate the Ohio Constitution. There are no Ohio cases specifically addressing the constitutionality of the absolute repose period set forth in O.R.C. § 1707.43. There are however, Ohio Supreme Court cases addressing the constitutionality of other statutes of repose, in some cases banning their enforcement, and in others upholding their application.

Up until 1994, the Ohio Supreme Court had upheld certain absolute statutes of repose as valid under the Ohio Constitution.  *See Sedar v. Knowlton Construction Company*, 49 Ohio St.3d 193, 551 N.E.2d 938 (1990).  The *Sedar* Court upheld the application of an absolute cut-off for tort claims against architects, construction contractors and other servicers who performed work related to the design and construction of real property, even though it had previously held that an absolute cut-off period for claims for medical malpractice actions was unconstitutional because it violates the right-to-remedy guaranteed by the Ohio Constitution. *Id.* (citing *Hardy v. VerMeulen*, 32 Ohio St.3d 45, 512 N.E.2d 626 (1987); *Gaines v. Preterm-Cleveland*, *Inc.*, 33 Ohio St.3d 54, 514 N.E.2d 709 (1987)).  The *Sedar* Court took great pains to distinguish the reasoning in the medical malpractice cases of *Hardy* and *Gaines* in order to uphold the application of the statute.  The *Hardy* court had invalidated the statute of repose for medical malpractice claims reasoning that the right-to-remedy clause in the Ohio Constitution[2] would not permit a claim to be extinguished before the plaintiff had knowledge of her injury.  *Hardy*, 32 Ohio St. 3d at 47, 512 N.E.2d at 628.  In *Sedar*, however, the Ohio Supreme Court found that the statutes at issue in *Hardy* and *Gaines* were actually "statutes of limitation" which prevented plaintiffs from bringing suit for an injury that had already occurred, but which had not been discovered prior to the expiration of the limitations period.  The statute at issue in *Sedar* was, according to the Court, a true "statute of repose"statute that did not limit an already established or vested right of action, but rather prevented an action from ever accruing.  *Sedar*, 49 Ohio

---

[2] Section 16, Article I of the Ohio Constitution provides that "[a]ll courts shall be open, and every person, for an injury done him in his lands, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay."

St.3d at 195, 551 N.E.2d 938.

In 1993, the Ohio Supreme Court decided *Burgess v. Eli Lilly & Co.*, 66 Ohio St.3d 59, 609 N.E.2d 140 (1993), in which it held that the General Assembly is constitutionally precluded from eliminating the right to remedy "before a claimant knew or should have known of her injury." *Id.* at 61, 609 N.E.2d at 141. The *Burgess* court applied the reasoning from *Hardy*, and specifically extended that reasoning to invalidate statutes of repose on all types of claims.

> *Hardy* is rooted not only in the right-to-remedy clause of the Ohio Constitution, but also in common sense. While *Hardy* dealt nominally with medical malpractice claims, its reasoning that the right-to-remedy clause requires a plaintiff's knowledge of her injury should be applied to ***all claims***. . . . The right-to-remedy clause, as interpreted by this court, thus sets as the threshold for government action the claimant's knowledge of her injury and its cause.

*Id.* at 61, 609 N.E.2d at 142. (Emphasis added).

In 1994, the Ohio Supreme Court specifically overruled *Sedar v. Knowlton Constr. Co.* (1990), 49 Ohio St.3d 193, 551 N.E.2d 938, and held that "R.C. 2305.131, a statute of repose, violates the right to a remedy guaranteed by Section 16, Article I of the Ohio Constitution, and is, thus, unconstitutional." *Brennaman v. R.M.I. Co.,* 70 Ohio St.3d 460, ¶ two of the syllabus 639 N.E.2d 425 (1994). This temporarily eliminated the only remaining thread of support for the enforcement of an absolute statute of repose under Ohio law.

Recently, the Ohio Supreme Court reinstated the *Sedar* holding and reaffirmed the reasoning set forth therein. *See Groch v. Gen. Motors Corp.*, Slip Opinion No. 2008-Ohio-546. In *Groch*, the Court compared and contrasted the statutes at issue in *Sedar* and those at issue in *Hardy* and other medical malpractice cases; the key distinction being that in *Sedar*, no injury had occurred before the expiration of the statutory limitations period, while in *Hardy*, an injury had occurred, but had not yet been discovered. The Court also revisited the *Brennaman* case, chastising the opinion

-6-

for its lack of detailed reasoning and overbroad conclusions.[3] *Id.* at ¶ 138.  Although the *Groch* Court did not overrule the specific finding that the statute at issue in *Brennaman* was unconstitutional, it limited the holding in that case to the specific statute and facts at issue therein. Id. at ¶ 146 ("We confine *Brennaman* to its particular holding that former R.C. 2305.131, the prior statute of repose for improvements to real property, was unconstitutional.  It is entitled to nothing more.").

The *Groch* case did not overrule or cast aspersions on the reasoning behind *Hardy* or the other medical malpractice cases which found the applicable  limitations periods to be unconstitutional in those circumstances.  Rather, it served to clarify the distinctions between the limitations statutes at issue in those cases and the constitutionally valid limitations periods applicable to the products liability issues in *Groch* and  *Sedar.*  Therefore, *Hardy, Gaines, Sedar,* and *Groch* all remain valid precedent under Ohio law. [4]

This Court, therefore, must compare the limitation period set forth in Ohio Rev. Code §1707.43(B)*,* to the statutes at issue in the cases set forth above to see which line of reasoning would apply under these circumstances.  The limitations periods which were found unconstitutional in *Hardy* and *Gaines* barred the prosecution of claims which accrued (i.e. in which the injury

---

[3] "*Brennaman* gave scant justification to support any of the court's reasoning.  *Brennaman*'s imprecise analysis not only overruled *Sedar*, but also led to sweeping repudiation by implication of not just the specific statute of repose before it, but of all statutes of repose in general, including presumably those enacted after *Brennaman* was decided."  *Groch v. Gen. Motors Corp*., Slip Opinion No. 2008-Ohio-546, at ¶138.

[4] Although *Burgess* and *Brennaman* were not specifically overruled, the *Groch* court so strongly criticized their reasoning and limited the effect of their holdings that this Court would not rely on them as being indicative of how the Ohio Supreme Court would address this area of law in future cases.

occurred) before the period expired, but which were not discovered until after the period expired. The limitations periods which were found constitutionally valid under *Sedar* and *Groch* expired before the cause of action ever arose (i.e. before the injury ever actually occurred).

The limitations period at issue in this case addresses claims arising from the sale of securities and would expire five years after the date of the sale. Therefore, in most, if not all, of the cases applying this statute, the injury will have occurred prior to the expiration of the limitations period. Specifically, in this case, the allegations are that the injury occurred prior to the expiration of the five year limitations period, but that the Plaintiffs were unaware of the injury until after the period had expired. This makes Ohio Rev. Code §1707.43(B) more like the invalidated malpractice "statutes of limitations" than the enforceable products liability "statutes of repose."

Based on the above, it appears most likely that the Ohio courts would find that the five year statute of repose contained in the Ohio securities statute violates the right-to-remedy clause of the Ohio Constitution. That provision is, therefore, unenforceable. Ohio law would further dictate that this provision may be severed from the remaining provisions in O.R.C. §1707.43(B), which are constitutional and capable of independent application.

> If any provisions of a section of the Revised Code or the application thereof to any person or circumstance is held invalid, the invalidity does not affect other provisions or applications of the section or related sections which can be given effect without the invalid provision or application, and to this end the provisions are severable.

Ohio Revised Code §1.50. "Indeed it is our obligation to preserve as much of the General Assembly's handiwork as is constitutionally permissible." *State, ex rel. Doersam v. Industrial Commission of Ohio*, 45 Ohio St. 3d 115, 121, 543 N.E.2d 1169, 1175 (1989).

This would leave in effect the two year statute of limitations contained in O.R.C. §1707.43(B) which does not begin to run until "after the plaintiff knew, or had reason to know, of

the facts by reason of which the actions of the person or director were unlawful." *Id.* The question of when the plaintiffs knew or had reason to know that the defendants had engaged in the alleged wrongful acts is a question of fact which cannot be determined at this stage of the proceedings. Therefore, Unizan Bank's motion to dismiss Counts 2 and 11 of the Amended Complaint on the basis of the statute of limitations/statute of repose is hereby denied.

II. Ownership of the Checks Deposited at Unizan

Unizan argues that because the checks deposited at their bank were made out to Serengeti or Lomas, making them technically the property of Serengeti or Lomas under the UCC, Ashley Carpenter's alleged conspiracy to help her father deposit those checks into his own account could not as a matter of law support a claim for fraud against Unizan. The Report and Recommendation rightly dismissed this argument in rather short form. Technical ownership of the checks at the time they were deposited has no bearing on a fraud claim. Although the ownership issue may have prevented the Plaintiffs from filing a claim for theft or conversion of the checks, they can still meet every element necessary for a cause of action for conspiracy to commit fraud. If the Plaintiffs can show that Unizan conspired with Lomas, and that they suffered harm because they relied on misrepresentations made by Lomas, the technical ownership of the checks at the time of deposit is of no import.

The remainder of the objections filed by Unizan Bank and Plaintiffs raise no new arguments and have been fully addressed and rightly decided by Magistrate Vecchiarelli in her Report and Recommendation. The Court, therefore, adopts the Report and Recommendation with the above modifications. This Court holds that Fifth Third's Motion to Dismiss (ECF #381) is GRANTED;

Wachovia and SunTrust's Motion to Dismiss (ECF #383) is GRANTED; and Unizan Bank's Motion to Dismiss (ECF #384) is GRANTED in part and DENIED in part.  Fifth Third Bank, Wachovia and SunTrust are hereby dismissed from this action with prejudice.  Further, all claims against Unizan Bank except for Counts Two and Eleven are dismissed with prejudice.  IT IS SO ORDERED.

    S/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:   May 5, 2008